# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

EGIT TABAK,

       Petitioner,

 v.

SIXTO MARRERO, *et al.*,

       Respondents.

Case No. 26-cv-01441-BAS-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Egit Tabak filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was denied due process in his removal hearing and that he is entitled to a bond hearing. (ECF No. 1.) The Government responded. (ECF No. 6.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released from custody on the same terms and conditions as he was previously released. (ECF No. 1.)

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484

- 1 -

(1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of Turkey, entered the United States on September 6, 2024, seeking asylum.  (ECF No. 1 ¶ 1.)  He was released after Border Patrol determined he was not a flight risk or danger to the community.  (*Id*.)  On February 2, 2026, the Department of Homeland Security ("DHS") re-detained Petitioner without notice or an opportunity to be heard and without any changed circumstances with respect to his flight risk or danger to the community.  (ECF No. 1 ¶ 5.)  Petitioner seeks immediate release or a bond hearing. (*Id.*)

## III.    ANALYSIS

Petitioner first claims he has not been afforded due process in his removal hearing because he has not been given sufficient time to prepare or find a new attorney.  (ECF No. 1.)  Under 8 U.S.C. § 1252(g), the Court is prohibited from assuming jurisdiction over such a claim.  *See id.*  ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

Petitioner also suggests he has been subjected to unreasonable or arbitrarily prolonged detention.  However, the Department of Homeland Security ("DHS") arrested him just over a month ago and appears to be trying to expedite his case.  Therefore, the Court finds Petitioner's detention has not been arbitrarily or unreasonably prolonged.  *See Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("[A]rbitrary prolonged detention without any process is [likely] [un]constitutional.").

26cv1441

Petitioner next claims he was improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) when he should have been subject to discretionary detention under § 1226(a) and given the opportunity for a bond hearing. "We begin, as always, with the text." *Esquivel-Quintana v. Sessions,* 581 U.S. 385, 391 (2017). Section 1225(b)(2)(A) applies to an applicant "seeking admission" to the United States, whereas Section 1226(a) applies to individuals who have been arrested "on a warrant issued by the Attorney General." According to the Petition, Immigration and Customs Enforcement ("ICE") arrested Petitioner at the border as he was seeking admission to the United States, and thus he is subject to mandatory detention under § 1225(b)(2)(A).

Nonetheless, this Court finds Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violated Petitioner's due process rights.

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be

26cv1441

revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner, finding he was not a flight risk or a danger to the community in September 2024, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Egit Tabak (A# 226-133-865) be released on the same terms and conditions as he was previously released in September 2024.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 17, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv1441